FILED

02 OCT 23 PH 2: 29

U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States District Court
## Northern District of Alabama
### EASTERN Division

**LARRY DARNELL STONE, SR.,**            ]

     Plaintiff(s),                         ]

     vs.                                   ] CV-02-N-01321-E

**CALHOUN COUNTY, ALABAMA,**              ]

     Defendant(s).                         ]

ENTERED

OCT 2 3 2002

## Memorandum of Opinion

### I.    Introduction.

Before the court are motions to dismiss the amended complaint, filed by defendants Calhoun County, Alabama ("Calhoun County"), Calhoun County Sheriff Larry Amerson ("Sheriff Amerson"), and Calhoun County Deputy Sheriff Dan Malloy ("Deputy Malloy") on October 2, 2002. [Doc. ## 17-19.] The issues raised by the defendants are ripe for decision. Upon due consideration, the motions will be granted.

### II.    Facts.

Larry Darnell Stone, Sr. ("Mr. Stone") and Virginia Stone ("Mrs. Stone") filed this action on May 28, 2002, against defendants Calhoun County, Sheriff Amerson, Deputy Malloy, and Calhoun County Deputy Sheriffs McNabb and Matthew Wade.[1] [Doc. #1,

---

[1] As of the date of this memorandum, service of process has not been effectuated against defendants Deputy McNabb and Deputy Matthew Wade. [Doc. ## 5-6.] The time for service of process under Federal Rule of Civil Procedure 4(m) expired on September 25, 2002.

Compl.] Upon proper motions to dismiss, filed by defendants Calhoun County, Sheriff Amerson, and Deputy Malloy [Doc. ## 7-9], the court entered on September 18, 2002, an order dismissing the complaint without prejudice, and directing the plaintiffs to file an amended complaint, in compliance with Rules 8(a) and 11(b) of the Federal Rules of Civil Procedure, within twenty days [Doc. # 15]. The plaintiffs filed an amended complaint on September 30, 2002, which set forth substantially the same allegations and claims contained in the original complaint, with little further factual detail. The defendants then filed the instant motions to dismiss, and on October 15, 2002, the plaintiffs filed a notice of dismissal of claims [Doc. # 22], which the court treated as a motion to dismiss and granted on October 16, 2002 [Doc. #23]. The result of the dismissal is that the only claims remaining in the lawsuit are Mr. Stone's claims for violation of his civil rights, brought under 42 U.S.C. §§ 1983 and 1988, against the individual defendants in their individual capacities.

Mr. Stone's claims are founded upon events that allegedly occurred in connection with his arrest on May 28, 2000. The precise facts giving rise to the claims are unclear at best. The amended complaint alleges that on May 28, 2000, Deputies Malloy, McNabb, and Wade, "while acting within the scope of their duty as Deputy Sheriffs of Calhoun County, Alabama," went to the residence of Mr. Stone, who was forty-five years old at the time, and informed Mr. Stone that they were there to arrest his son, Larry Stone, Jr., who was not over the age of twenty-two at that time.[2] Mr. Stone showed the deputies identification to verify his age. Thereupon, the deputies arrested Mr. Stone, and "did negligently and or [sic]

---

[2]As can be seen readily, the complaint is poorly drafted. The significance of the age of Larry Stone, Jr. is not at all clear.

maliciously and or [sic] recklessly made [sic] an unreasonable seizure of the Plaintiff's person by arresting him without probable cause and for reasons which they knew to be false." [Doc. #16, Amended Compl., Count 1, ¶ 2.]

The amended complaint further alleges that the deputy sheriffs "committed assault and battery on Plaintiff Larry Stone, falsely arrested Plaintiff Larry Stone, and maliciously prosecuted Plaintiff for resisting arrest and intentionally obstructing, impairing or hindering the administration of law or governmental functions." [*Id.*] The amended complaint alleges that at the time of the arrest, the "law was clearly established that a person should not be arrested without probable cause nor should he be assaulted or battered, nor should he be falsely arrested, nor maliciously prosecuted." [*Id.*]

Sheriff Amerson signed a warrant for Mr. Stone's arrest on May 28, 2000, for "obstructing government operations." [*Id.* at ¶ 3.] The amended complaint alleges that "[a]t the time said warrant was signed it was clearly established that a person should not be arrested for obstructing government operations except with probable cause. At the time the arrest warrant was issued and Plaintiff was arrested, Amerson had no probable cause to arrest Plaintiff." [*Id.*] Mr. Stone was "found not guilty of said charges" on July 25, 2000, and as a result, Mr. Stone alleges that his prosecution constituted an abuse of process and a violation of clearly established law. [*Id.* at ¶ 4.] Mr. Stone alleges that "as a result of the wrongful conduct mentioned above," he "suffered physical injury, including injuries to his eyes and shoulder and had to seek medical attention for and incurred hospital bills for the treatment of said injuries." [*Id.* at ¶ 5.] Mr. Stone further alleges that he "suffered mental anguish and emotional distress," and that the actions of the defendants with respect to his

3

arrest "were taken against him due to his race." [*Id.* at ¶ 6-8.] As a result of the foregoing, Mr. Stone alleges claims "for monetary damages" brought pursuant to 42 U.S.C. §§ 1983 and 1988. [Doc. # 16, Amended Compl., Count 1, ¶ 1.]

Mr. Stone further alleges "that [his] injuries were proximately caused by the failure of Sheriff Larry Amerson . . . to train and supervise [his] Deputies." [Doc. # 16, Amended Compl., Count 3, ¶ 2.] This failure "was reckless and violated clearly established law that law enforcement officers should be properly trained to make arrests." [*Id.* at ¶ 3.]

## III.   Discussion.

### A.   Mr. Stone's claims against Sheriff Amerson and Deputy Malloy.

The defendants argue that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the plaintiff has failed to state a claim upon which relief may be granted. It is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege facts showing that the defendant's acts or omissions, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or the laws of the United States." *Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir. 1985). "Vague and conclusory allegations of civil rights violations or conspiracies to violate civil rights are not sufficient and must, for that reason, be dismissed." *Sanders v. Miller*, 837 F. Supp. 1106, 1109 (N.D. Ala. 1992) (citing *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984)).

4

Having granted plaintiffs' motion to dismiss the great majority of their claims, the court is left to consider only Mr. Stone's claims that the individual defendants violated his civil rights, brought under 42 U.S.C. §§ 1983 and 1988.[3] Sheriff Amerson and Deputy Malloy raise the defense of qualified immunity to Mr. Stone's claims against them. The qualified immunity defense gives defendants immunity from liability "and even from trial if [the] plaintiff['s] complaint fails to state a violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In reviewing a motion to dismiss based on a defense of qualified immunity, the court must take the factual allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Strong*, 156 F.3d 1131, 1133 (11th Cir. 1998). "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 122 S. Ct. 2508, 2513 (2002). If the defendants participated in "constitutionally impermissible conduct, [they] may nevertheless be shielded from liability for civil damages if their actions did not violate 'clearly established'" law. *Id.* at 2515.

The Eleventh Circuit engages in a two-part analysis to determine whether a government official is entitled to the defense of qualified immunity. "First, the official must prove that the allegedly unconstitutional conduct occurred while he was acting within the scope of his discretionary authority. Second, if the official meets that burden, the plaintiff

---

[3] Section 1988 provides, *inter alia*, that the prevailing party in an action brought under § 1983 may be awarded attorney's fees. 42 U.S.C. § 1988(b). Thus, if Mr. Stone's claims under § 1983 are dismissed, the claims under § 1988 are also due to be dismissed.

must prove that the official's conduct violated clearly established law." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998) (citations omitted). To meet their burden under the first part of this test, the defendants must show "objective circumstances which would compel the conclusion that [their] actions were undertaken pursuant to the performance of [their] duties and within the scope of [their] authority." *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988). The alleged constitutional violations in this case occurred at the time of Mr. Stone's arrest. In arresting Mr. Stone, Deputy Malloy's "actions were undertaken pursuant to the performance of his duties and within the scope of his authority," *id.*, thus, the first part of the test is met as to Malloy.[4] Mr. Stone's § 1983 claim against Sheriff Amerson is based on Sheriff Amerson signing a warrant for Mr. Stone's arrest without probable cause and on Sheriff Amerson's failure to adequately train and supervise the deputy sheriffs. Sheriff Amerson's actions (or lack thereof) with respect to signing arrest warrants and training his deputies are certainly "undertaken pursuant to the performance of his duties and within the scope of his authority," *id.*; thus, Sheriff Amerson has met his burden on the first part of the qualified immunity question.

Mr. Stone must, therefore, prove that the defendants' actions (or inaction) violated a clearly established constitutional right. To determine whether a constitutional right is "clearly established," the court must ask "whether the state of the law [at the time of the alleged constitutional violation] gave [the defendants] fair warning that their alleged treatment of [Mr. Stone] was unconstitutional." *Hope*, 122 S. Ct. at 2516. The Eleventh

---

[4] Indeed, the complaint alleges that the claims arose "while [the deputies were] acting within the scope of their duty as Deputy Sheriffs of Calhoun County." [Doc. #16, Amended Compl., Count 1, ¶ 2.]

6

Circuit has stated that "a plaintiff cannot strip a § 1983 defendant of her qualified immunity by citing to general rules or abstract rights. 'Qualified immunity focuses on the actual, specific details of concrete cases.'" *Wilson*, 156 F.3d at 1134 (quoting *Walker v. Schwalbe*, 112 F.3d 1127, 1132 (11th Cir. 1997)). Although the amended complaint sets forth a scintilla more factual detail than the original complaint, Mr. Stone makes broad allegations of "general rules or abstract rights" that were violated. For example, the amended complaint contains an allegation that "[a]t the time [the arrest] warrant was signed it was clearly established that a person should not be arrested for obstructing government operations except with probable cause." [Doc. # 16, Amended Compl., Count 1, ¶ 3.] The general, conclusory allegations of the amended complaint, standing alone, cannot establish that the defendants in this case violated the plaintiff's clearly established constitutional rights. *See GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) ("If a plaintiff has not sufficiently alleged a violation of *any* constitutional right, it is axiomatic that the plaintiff likewise has failed to allege the violation of a 'clearly established' right."). "Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims . . . , particularly . . . in cases involving qualified immunity." *Id.* Because the pleadings do not contain sufficient factual detail, Mr. Stone has failed to meet his burden of satisfying the court that the defendants' actions violated his clearly established constitutional rights. Thus, Sheriff Amerson and Deputy Malloy are entitled to qualified immunity against Mr. Stone's § 1983 claims, which are therefore due to be dismissed.

**B.     Claims against defendants Deputy McNabb and Deputy Wade.**

As mentioned above, this lawsuit names Calhoun County Deputy Sheriffs McNabb

and Wade as additional defendants, although service of process has never been effectuated

against these defendants. Given that the 120-day time limit for service of process has

expired, and given plaintiff's counsel's total disregard for the court's September 18, 2002,

order, *see infra*, the court is of the opinion that the claims against the two defendants who

have yet to be served are due to be dismissed under Federal Rule of Civil Procedure 41(b).

Rule 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any
> order of court, a defendant may move for dismissal of an action or of any
> claim against the defendant. Unless the court in its order for dismissal
> otherwise specifies, a dismissal under this subdivision . . . operates as an
> adjudication upon the merits.

Fed. R. Civ. P. 41(b). Although the rule by its terms contemplates dismissal upon motion of

a defendant, it is well established that, in appropriate cases, a court may dismiss *sua sponte*

for failure to prosecute or to comply with the Federal Rules of Civil Procedure or an order

of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "Nor does the

absence of notice as to the possibility of dismissal or the failure to hold an adversary

hearing necessarily render such a dismissal void." *Link*, 370 U.S. at 633. The Eleventh

Circuit requires a "clear record of delay *or* willful contempt *and* a finding that lesser

sanctions would not suffice," to justify dismissal under Rule 41(b). *Carter v. United States*,

780 F.2d 925, 927 (11th Cir. 1986) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.

1983)) (emphasis in original). In this case, the plaintiff has engaged in conduct that satisfies

all three justifications for dismissal under Rule 41(b): he has failed to prosecute his action

8

against Deputies McNabb and Wade, he has failed to comply with Federal Rules of Civil Procedure 4, 8, and 11, and he has failed to comply with this court's order of September 18, 2002.

### 1.   Failure to prosecute.

This lawsuit was filed on May 28, 2002, making the deadline for service September 25, 2002. *See* Fed. R. Civ. P. 4(m). As of the date of this memorandum, Deputies McNabb and Wade have not been served with a summons and the complaint as required by the Federal Rules of Civil Procedure, nor have they made appearances in this lawsuit. *See Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 478 (5th Cir. Unit A May 1981) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations."); *Arundar v. Staff Builders Temp. Pers., Inc.*, 92 F.R.D. 770, 771 (N.D. Ga. 1982) ("It is clear that an unreasonable delay in service of process may constitute a 'lack of diligence', and can support a motion to dismiss under Rule 41(b) for failure to prosecute even if the defendant cannot demonstrate any actual prejudice."). Further evidence of the plaintiff's failure to prosecute has been furnished by the defendants in a motion to dismiss for failure to prosecute, filed on October 2, 2002, in which the defendants allege that the plaintiffs have failed to comply with Local Rule 26.1(d)(2). [Doc. # 20.] That rule requires the parties to meet within forty-five days of the appearance of the first defendant. The first defendants appeared on June 21, 2002, by filing their motions to dismiss. Thus, the time in which the parties were required to meet under Local Rule 26.1(d)(2) expired on August 5, 2002. Despite multiple attempts by the defendants to contact and arrange a meeting with the plaintiff, the Local Rule 26.1(d)(2) meeting has never taken

9

place. [Doc. # 14.] The failure to serve Deputies McNabb and Wade within the time allowed for service of process, coupled with the failure to comply with Local Rule 26.1(d)(2), amount to a failure to prosecute this action, and specifically the claims against Deputies McNabb and Wade.

### 2.   Failure to comply with the Federal Rules of Civil Procedure.

As mentioned above, the plaintiff has failed to comply with Federal Rule of Civil Procedure 4(m), which required Mr. Stone to serve all defendants by September 25, 2002. Furthermore, the plaintiff has failed to comply with Rule 8(a), which requires a party to include in a complaint "a short and plain statement of the claim *showing that the pleader is entitled to relief.*" Fed. R. Civ. P. 8(a) (emphasis added). *See also Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997) ("[S]hotgun complaints of the sort filed in [this] case[ ] are altogether unacceptable."). As is evident by the fact that all the plaintiff's claims either have been or are being dismissed, the plaintiff has failed to show, in his amended complaint, his entitlement to relief. *See Simons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("When a complaint fails to comply with [the requirements of Rule 8], the district court has the power, on motion, or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial."). Finally, the court has grave doubts as to whether Plaintiff's counsel has complied with the requirements of Rule 11(b). *See infra*. It is clear to the court that the plaintiff has willfully failed to comply with the Federal Rules of Civil Procedure.

### 3.   Failure to comply with the court's September 18, 2002, order.

That Mr. Stone failed to comply with the court's September 18, 2002, order is obvious. The court's order took great pains to point out the serious legal deficiencies attendant to

the plaintiffs' several claims against the several defendants, yet the amended complaint contains most of the same deficient, frivolous claims about which the court instructed the plaintiffs. The fact that the plaintiffs subsequently filed a motion to dismiss many of the problematic claims does not cure the original failure to comply with the court's order. Indeed, the belated action of the plaintiffs, which resulted in dismissal of many of their claims, has done nothing but waste more of the court's and the defendants' time. If the plaintiffs had complied with the court's order in the first instance, rather than waiting to file a subsequent motion to dismiss, the defendants may have been saved the time and expense of filing the instant motions to dismiss. Furthermore, the court's order required counsel for the plaintiffs to be mindful of the representations required by Rule 11(b) when amending the complaint. As explained more fully below, the court has doubts as to whether counsel has complied with Rule 11(b). Finally, the court's order explicitly stated: "The amended complaint shall set forth each individual claim in separately numbered counts, and in each such count, the plaintiff shall set forth the factual basis and the specific legal theory for the corresponding claim. This requirement includes compartmentalizing *separately* the claims against *each distinct defendant*, all against the backdrop of Rule 11(b)." [Doc. #15, at 11 n.4 (emphasis in original).] A review of the four and one-half page amended complaint reveals that the plaintiffs failed to comply with this specific instruction. [Doc. # 16.] *See Arundar*, 92 F.R.D. at 773 ("[T]his is a case of intentional and willful disregard of the Court's orders by plaintiff's attorney. In such an instance '(t)he court is faced with a Hobson's choice: either it penalizes the plaintiff for the neglect or incompetence of (her) counsel, or it must overlook the non-compliance thereby rendering its order a nullity.'") (quoting *Carter*

11

whether the plaintiff would be able to surmount such a hurdle, if given the opportunity, as against Deputies McNabb and Wade. *See Sturgeon*, 778 F.2d at 1160 ("Moreover, plaintiff made it quite clear to the district court that he was not able to carry his burden in the case. If the court had not dismissed at that point, [it] would have been compelled to direct a verdict later in the trial." (footnote omitted)). The court therefore concludes that dismissal with prejudice of the claims against Deputies McNabb and Wade is warranted.

###    C.    Rule 11.

In its September 18, 2002, order, the court specifically warned counsel for the plaintiffs to file an amended complaint only "*if* counsel can in good faith make the representations required by Rule 11(b)." [Doc. # 15, at 11.] Federal Rule of Civil Procedure 11(b) requires an attorney to certify to the court that "the claims, defenses, and other legal contentions" contained in pleadings, motions, and other papers "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). The court's order explained to the plaintiffs in great detail the ways in which their claims were not "warranted by existing law." Despite the court's warning and explanation of the law, counsel filed an amended complaint containing many of the same frivolous claims about which the court warned the plaintiffs. The court is at a loss to understand how counsel could have asserted these claims within the framework of Rule 11(b) "after this court ha[d] made as plain as possible" the legal deficiencies attendant to the claims. *Taylor v. Gaither*, No. 00-360-AH-C, 2001 U.S. Dist. Lexis 6009, at *7 (S.D. Ala. Mar. 22, 2001). Unless counsel can show cause why the court should not impose an appropriate sanction under Rule 11(c), the court will sanction

*v. City of Memphis*, 636 F.2d 159, 160 (6th Cir. 1980)). Mr. Stone clearly failed to comply with the court's September 18, 2002, order.

### 4. Effectiveness of lesser sanctions.

When determining the possible effectiveness of lesser sanctions, the court may consider the following alternatives: assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985). The court is of the opinion that none of these sanctions would be effective in light of the facts of this case and the purposes of Rule 41(b). *See Link*, 370 U.S. at 629-30 ("The power to [*sua sponte* dismiss a case under Rule 41(b)] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The court has already given the plaintiff the opportunity to re-plead the complaint, and in doing so, the court provided the plaintiff with nine pages of instructions on how to state a claim for violations of his civil rights. The plaintiff completely disregarded the court's instructions and proceeded to file an amended complaint containing substantially all the same problematic claims that appeared in the original complaint. Although the plaintiff has now dismissed most of the problematic claims, the fact remains that allowing Mr. Stone a third bite at the apple, after he has wasted the time of the court and the defendants through his disregard for the Federal Rules of Civil Procedure and this court's order, would be a waste of judicial resources. Given that the court has concluded that the plaintiff's § 1983 claims cannot withstand the qualified immunity defense raised by Sheriff Amerson and Deputy Malloy, the court seriously doubts

12

counsel for failing to comply with Rule 11(b) as required by the Federal Rules of Civil Procedure and this court's order. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) ("[A] court may assess attorney's fees as a sanction for the willful disobedience of a court's order.").

## IV.   Conclusion.

In sum, the motions to dismiss will be granted. Mr. Stone's § 1983 claims against Sheriff Amerson and Deputy Malloy in their individual capacities are due to be dismissed based on the defense of qualified immunity. Likewise, Mr. Stone's claims under the fee shifting statute, 42 U.S.C. § 1988, are due to be dismissed because he cannot prevail on his claims under § 1983, which have been dismissed. The claims against Deputies McNabb and Wade, who have not yet received service of process as required by Federal Rule of Civil Procedure 4(m), will be dismissed with prejudice for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with the court's order. A separate order of dismissal will be entered.

Also by separate order, counsel for the plaintiff will be required to show good cause why this court should not impose sanctions for failure to comply with its September 18, 2002, order and with the requirements of Rule 11(b).

14

Done, this 23rd of October, 2002.


EDWIN NELSON
UNITED STATES DISTRICT JUDGE